**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| SHEAUNDRA GRAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01797-TWP-MKK |
| | ) | |
| MED-1 SOLUTIONS, LLC an Indiana Limited Liability Company, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR RECONSIDERATION AND CLARIFICATION**

This matter is before the Court on a Motion for Reconsideration and Clarification (Filing No. 55), filed by Plaintiff Sheaundra Graves ("Graves"). Graves initiated this action alleging that Defendant Med-1 Solutions, LLC ("Med-1") violated 15 U.S.C. § 1692c(a)(1) of the Fair Debt Collection Practices Act ("FDCPA") by contacting her to collect on a debt at a time it knew or should have known was inconvenient (Filing No. 1). The parties filed cross-motions for summary judgment as to liability and the Court found in favor of Graves (Filing No. 54). However, the Court excluded evidence of Graves alleged $260 out-of-pocket expenses because Graves failed to disclose to Med-1 a computation of actual damages and because she stated that evidence of such expense "does not exist." *Id*. Graves now seeks reconsideration of the Court's exclusion of her out-of-pocket expenses and seeks clarification as to whether the Court's ruling excludes all actual damages or just the $260.00 out of pocket expenses. For the reasons discussed below, Graves' Motion for Reconsideration is **denied**. However, the Court clarifies that its ruling concerned only the exclusion of Graves' alleged $260 out-of-pocket expenses, not all of Graves' alleged actual damages.

## I. BACKGROUND

Graves is a citizen of the State of Indiana, from whom Med-1 attempted to collect a defaulted consumer debt that she allegedly owed for medical services (Filing No. 1 at 1). Med-1 is an Indiana limited liability company that acts as a debt collector as defined in the FDCPA. *Id*. Med-1 was acting as a debt collector when it attempted to collect the debt owed by Graves. *Id*. at 2. Due to financial difficulties, Graves was unable to pay her debts, including a defaulted consumer debt she allegedly owed for medical services. Sometime after this debt went into default, it was obtained by Med-1, who then attempted to collect upon it via collection calls. *Id*.

Due to Med-1's collection attempts, Graves engaged the law office of John Steinkamp & Associates and asked that they contact Med-1 for her. Med-1's collection attempts included Graves calling during her work hours, which caused her to request that her attorneys also send a letter to Med-1 on her behalf, explaining that Med-1 may not call her between the hours of 8:00 a.m. and 6:00 p.m. because it was inconvenient for her due to her work schedule. Accordingly, her attorneys drafted letters on August 6 and 8, 2024, which Graves signed and her attorneys then mailed on her behalf to the address Med-1 had listed with the Nationwide Multistate Licensing System for Consumer Access (Filing No. 1-2, Filing No. 1-3). Med-1 agrees that it received the August 6, 2024, letter but states that it did not receive the August 8, 2024, letter.

Despite Med-1 receiving the letter dated August 6, 2024, telling Med-1 not to call Graves between the hours of 8:00 a.m. and 6:00 p.m., Med-1 called Graves on October 8, 2024, at 9:13 a.m. and left a voicemail (Filing No. 1-4). Although Graves did not answer the phone, the phone call itself disturbed her at work when it came in (Filing No. 32-1 at 3). Graves then engaged another attorney, David Phillips, and incurred the additional expense of having him send an additional letter to Med-1 reasserting that Graves did not want to be contacted between 8:00 a.m. and 6:00

p.m. *Id*. The additional expense allegedly totaled $260, though the parties dispute this amount and its admissibility (Filing No. 38 at 5).

When Med-1 received the letter dated August 6, 2024, the legal assistant at Med-1 who reviewed the letter was supposed to change Graves' account to note that she did not want to be called at certain times. Graves' account was not moved to the proper disposition and did not have its phone flag changed per Med-1's policies and procedures that would have prevented Med-1 from contacting Graves (Filing No. 32-5 at 2). Per Med-1's procedures, the reviewing legal assistant should have changed the disposition to cease communication and change the flag on the account to "do not call" or should have provided the letter to either the Legal Department Manager or Collections Manager. However, such measures were not taken. *Id*.

Besides updating an account when Med-1 receives written correspondence and scanning such correspondence into the associated account, Med-1 does not have safeguards to make sure that all accounts are accurate (Filing No. 32-2 at 20, pp. 73:15–75:18).

On cross-motions for summary judgment, the Court ruled in favor of Graves and found that Graves had standing to sue, Med-1 violated the FDCPA by calling at a time it knew or should have known was inconvenient, and Med-1's invocation of the bona fide error defense failed (Filing No. 54 at 17). However, the Court determined that Graves' alleged $260 out-of-pocket expenses must be excluded because Graves failed to disclose a computation or other evidentiary material concerning the alleged out-of-pocket expenses in violation of Fed. R. Civ. P. 26 and 37, and she stated in her summary judgment motion that no documentation or invoice existed to corroborate such expenditure. *Id*. at 6.

The Court then concluded that having determined liability, Graves is entitled to damages and attorneys' fees under the FDCPA. The Court stated that the parties could continue with a jury

trial for damages, because the FDCPA provided for trial by jury in determining statutory additional damages. Or the parties could waive the jury and proceed with a bench trial on the issue of damages or meet with the Magistrate Judge and attempt to reach settlement agreement on the damages and fees issues. *Id*. at 18.

Graves now asks that the Court reconsider its exclusion of her out-of-pocket expenses and clarify whether actual damages remain at issue in this case (Filing No. 55).

## II. LEGAL STANDARD

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion to reconsider under Rule 54(b) may also be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id*. (citation omitted).

The purpose of a motion for reconsideration is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted).

Furthermore,

> Motion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail. The Court is entitled

> to assume that, if [a party] had viable arguments to support its claim, it would have presented them. The Court will not conduct [a party's] research and build [the party's] analysis in order to find facts and law to support [the party's] own claims.

*Brownstone Publ'g, LLC v. AT&T, Inc.*, No. 07-cv-1630, 2009 U.S. Dist. LEXIS 25485, at *2 (S.D. Ind. Mar. 24, 2009). A motion to reconsider "is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Id*.

## III. DISCUSSION

Graves asks the Court to reconsider its Order on Pending Motions such that the Court should admit her testimony that she spent $260.00 and clarify that both statutory and actual damages remain at issue in this case (Filing No. 55 at 3). The Court will first address the exclusion of Graves' alleged $260 out-of-pocket expenses before turning to whether actual damages remain at issue in this case.

### A. Exclusion of Alleged $260 Out-of-Pocket Expenses

Graves contends that the Court committed a manifest error of law in excluding Graves' assertion in her Declaration that she incurred "about $260" to have her counsel send Med-1 a letter to reassert her FDCPA rights. She argues that the Court did not address whether the omitted minutiae of her actual damages was harmless under Fed. R. Civ. P. 26. *Id*. at 4.

Graves then contends that her Declaration's reference to her having incurred "about $260" was an amount incurred for legal work for which "a computation of attorney's fees is simply not a required disclosure under Federal Rule of Civil Procedure 26(a)." *Id*. at 5 (quoting *Adams v. Kansas City*, No. 19-93, 2022 WL 210385, at *9 (W.D. Mo. Jan. 24, 2022)) (internal quotation marks and citation omitted). Graves then contends that she "is not prescient; her estimate of at least $1,500 in actual damages was thus a proper, best attempt at something only the jury (or, as to her attorneys' fees, the Court) can determine." *Id*.

Graves argues that while the Court found that the $260 expense must be excluded because she admits that evidence corroborating the alleged damages does not exist, the Court's assertion is factually incorrect. She contends that the letter her counsel sent to Med-1 containing a $0.69 postage fee is evidence of such expense, and while there is no physical record of payment of attorneys' fees she incurred but has yet to pay, she has long identified herself as the source of testimonial evidence. *Id*. at 6. She argues that even if the court reaffirms that she should have provided greater specificity, the Court committed manifest error by not evaluating the harmlessness of such nondisclosure, as required by Fed. R. Civ. P. 37(c)(1). *Id*. Graves contends that she was available to answer any questions concerning her damages that Med-1 may have had but they chose not to ask her, and thus, there was no surprise. *Id*. at 7.

The Court concludes that Graves' alleged out-of-pocket damages were properly excluded pursuant to Fed. R. Civ. P. 26 and 37. As the Court stated in its previous Order, Rule 26(a)(1)(A)(iii) requires a party to disclose, without awaiting a discovery request, "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Parties are also required to supplement any Rule 26(a) disclosure "if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). "The exclusion of non-disclosed evidence is automatic and

mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Services*, 356 F.3d 751, 758 (7th Cir. 2004).

The Court found that graves failed to disclose a computation of actual damages and she admitted at summary judgment that, despite her present counsel being the same attorney whom she allegedly paid $260.00 to draft the letter to Med-1, she admits to having no such evidence of such payment beyond a single letter itself listing only a $0.69 postage fee because the evidence "does not exist." (Filing No. 54 at 7 (quoting Filing No. 43 at 6)). The Court concluded that, "[f]or obvious reasons, alleged damages must be excluded when a party admits at summary judgment that they did not provide a computation or documentation of such damages in discovery because evidence corroborating the alleged damages does not exist." *Id*. at 7–8.

While Graves now claims that a computation of attorney's fees is not required under Rule 26, she misunderstands the case law. In *Adams*, the Western District of Missouri determined that "a computation of attorney's fees is simply not a required disclosure under Federal Rule of Civil Procedure 26(a)." 2022 WL 210385, at *9 (quoting *Smith v. AS Am., Inc.*, 829 F.3d 616, 624 (8th Cir. 2016)) (internal quotation marks and citation omitted). The Court does not disagree that attorney's fees in bringing a lawsuit are not required to be disclosed under Fed. R. Civ. P. 26. However, the alleged $260 was not attorney's fees incurred in this lawsuit. Rather, they were alleged out-of-pocket expenses which occurred prior to the initiation of this lawsuit.

Graves herself categorized such fees as out-of-pocket damages and even cited such damages as a tangible injury-in-fact sufficient to provide Article III standing in her summary judgment briefing (*see* Filing No. 43 at 6). This was likely because it is well settled in the Seventh Circuit that "'[a] desire to obtain legal advice is not a reason for universal standing[,]'" and a "decision to retain counsel fails to establish concrete injury." *Choice v. Kohn Law Firm, S.C.*, 77

F.4th 636, 639 (7th Cir. 2023) (quoting *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1069 (7th Cir. 2020)).

Moreover, Graves argument that she "is not prescient" and therefore her guess of "about $260" is a "best attempt" at something only the Court can determine is unavailing. Rule 26 specifically requires that a party disclosing a computation make available for inspection or copying documents on which each computation is based. Fed. R. Civ. P. 26(a)(1)(A)(iii). Allowing a party to simply guess at a computation while admitting that they have no way of confirming that amount beyond their own self-serving affidavit would have the practical effect of eviscerating Rule 26.

Even now, Graves argues that she incurred $260.00 because her own declaration says that she did; she affirmatively asserts that no evidence or reasoning beyond her own statements and a letter which only lists a $.69 postage exists. The Court did not commit a manifest error of law when it concluded that, "alleged damages must be excluded when a party admits at summary judgment that they did not provide a computation or documentation of such damages in discovery because evidence corroborating the alleged damages does not exist." (Filing No. 54 at 7–8).

Finally, Graves' nondisclosure was not harmless because she admits that it cannot be cured. While she contends that she was willing to answer any questions concerning such expenditure, those questions would have no practical effect. Graves has already stated that she has no documentation or evidence concerning how she arrived at the $260.00 figure and that it was simply her "best attempt" at what she has allegedly incurred but also not paid yet. At no point has Graves stated that she could provide any insight concerning the $260.00 figure beyond simply stating that her Declaration says she expended that amount. Failing to provide any formula or reasoning as to a damages computation and subsequently admitting that no formula or reasoning exists is not harmless simply because the disclosing party could have been questioned.

Accordingly, the Court finds that it did not commit a manifest error of law when is excluded Graves' alleged $260 out-of-pocket expenses. Her Motion for Reconsideration is therefore **denied**.

**B. Actual Damages**

Graves next states that the Court's Order has led to confusion between the parties concerning whether actual damages remain at issue (Filing No. 55 at 10). Specifically, Graves states that the Court's exclusion of the $260.00 amount and its language generally focusing on the FDCPA's statutory damages provision with respect to future trial has raised a dispute between the parties as to whether actual damages are viewed as still being part of the case. *Id*.

The Court hereby **clarifies** that actual damages remain for trial. The Court held in its Order that "having determined liability, Graves is entitled to damages and attorneys' fees under the FDCPA." (Filing No. 54 at 17). The Court then held that the "FDCPA provides for trial by jury in determining statutory additional damages to which plaintiff is entitled for debt collection agency's FDCPA violations." *Id*. at 18 (citing cases). The Court's statement that the FDCPA provides for trial by jury in determining statutory additional damages was merely to inform the parties that the issue of damages remains for set for jury trial. The statement was not meant to limit actual damages beyond the Court's exclusion of the alleged $260.00 out-of-pocket expense, which the Court excluded for other purposes.

As Graves points out, the FDCPA allows for recovery of actual damages, which include emotional distress. *Simonson v. IQ Data International, Inc.*, 698 F. Supp. 3d 1055, 1064 (W.D. Wisc. 2023) (citing 15 U.S.C. § 1681o; *Wantz v. Experian Information Solutions*, 386 F.3d 829, 833 (7th Cir. 2004), *abrogated on other grounds*). Graves pleaded such emotional distress damages in her Complaint. Accordingly, those damages, along with statutory damages, remain for trial by

jury scheduled to start on November 16, 2026, unless the parties wish to proceed via bench trial or settlement agreement.[1]

## IV. CONCLUSION

For the reasons stated above, Graves' Motion for Reconsideration and Clarification (Filing No. 55) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **denied** as to the request to reconsider the exclusion of Graves' alleged $260.00 out-of-pocket expenses. However, the Motion is **granted** insofar as the Court **clarifies** that Graves' alleged actual damages—other than the alleged $260.00 out-of-pocket expense—along with statutory damages, remain for trial by jury unless the parties proceed via settlement agreement or waive jury and request a bench trial.

**SO ORDERED.**

Date: 9/30/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Allissa Aardema
Paganelli Law Group
aardema@paganelligroup.com

Nicholas Moline
MED-1 SOLUTIONS, LLC
nicholas.moline@med1solutions.com

David J. Philipps
Philipps & Philipps, Ltd
davephilipps@aol.com

Mary E. Philipps
Philipps & Philipps, Ltd.
mephilipps@aol.com

[1] The Court acknowledges that yesterday, September 29, 2026 Med-1 filed a Motion in *Limine* (Filing No. 60), requesting that the Court exclude all evidence of actual damages not previously disclosed in discovery (Filing No. 61 at 2). Plaintiff has not yet had an opportunity to respond. Med-1's Motion in *Limine* will be ruled on in due course should this matter necessitate a trial.

Angie K. Robertson
Philipps & Philipps, Ltd.
angie@philippslegal.com